Beatrice SONNENREICH, Plaintiff,

v.

**PHILIP MORRIS INCORPORATED,**
**et al., Defendants.**

No. 96–0686–CIV–KING.

United States District Court,
S.D. Florida.

May 29, 1996.

Greg M. Gaebe, Gaebe Murphy Mullen & Antonelli, Coral Gables, Florida, for the Retailer Defendants.

David L. Ross, Larry D. Silverman, Greenberg Traurig, Miami, Florida, for Lorillard/LOR.

Amy Furness, R. Benjamine Reid, Popham Haik Schnobrich & Kaufman, Ltd., Miami, Florida, for R.J. Reynolds/RJR.

Tracy E. Tomlin, Michael T. Tomlin, Otero Mullin & Tomlin, P.A., Coral Gables, Florida, for the Plaintiffs.

Norman A. Coll, Barry R. Davidson, Coll Davidson Carter Smith Salter & Barkett, Miami, Florida, for Philip Morris/PMI.

Robert K. Burlington, Kevin Kaplan, Aragon Martin Burlington & Crockett, P.A., Miami, Florida, for Brown & Williamson as successor by merger to The American Tobacco Co/ATC.

Mercer "Bud" Clarke, Clarke Silverglate Williams & Montgomery, P.A., Miami, Florida, for Liggett Group/LIG.

Brian Joslyn, Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, Florida, for American Tobacco Co/ATC.

Edward A. Moss, Anderson Moss Sherouse & Petros, Miami, Florida, for Brown & Williamson Tobacco Corporation/BNW.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss, filed April 1, 1996. After requesting and receiving an extension of time, Plaintiff filed a response on April 29, 1996. Defendants filed a reply on May 7, 1996.

### I. Factual Background

Plaintiff has brought this products liability suit against four tobacco manufacturers, claiming to have suffered injuries as a result of smoking cigarettes. Her complaint, in two counts, alleges negligence and civil conspiracy. Defendants have moved to dismiss portions of the Complaint on grounds that the majority of her negligence claims are preempted by federal law, and that Plaintiff has failed to state a valid claim for conspiracy under state law. Specifically, Defendants seek to dismiss ¶¶ 2.3.1 through 2.3.5, 2.3.9, and 2.3.10 of Count I, as well as all of Count II.

### II. Legal Standard

A motion to dismiss will be granted where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. "[D]ismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." 5A Wright & Miller, *Federal Practice and Procedure* § 1357; *see also Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986). For the purposes of a motion to dismiss, the complaint is construed in the

light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. Analysis

### A. Negligence

Defendants urge the Court to dismiss those portions of the Complaint alleging that Defendants negligently failed to warn or to adequately warn of the various ill effects of cigarette smoking. Of these, Defendants challenge only those claims that question the adequacy of the information provided after July 1, 1969, the effective date of the Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331 *et seq.* ("Labeling Act"). Defendants do not challenge Plaintiff's negligence and strict liability claims as they relate to an alleged defect in Defendants' products. (*See* Compl. ¶¶ 2.3.6–2.3.8.)

■ The Labeling Act preempts tort claims premised on state law duties to warn or provide information relating to smoking and health after July 1, 1969. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 524, 112 S.Ct. 2608, 2621–22, 120 L.Ed.2d 407 (1992); 15 U.S.C. § 1334(b). The Court's Order therefore addresses only Plaintiff's post–1969 claims. The Labeling Act is familiar to Americans primarily in its mandate that cigarette manufacturers include on their packages the Surgeon General's warning about the adverse health effects of cigarette smoking.

■ *Cipollone* confirms that claims related to the "advertising or promotion" of cigarettes are preempted by the Labeling Act. *Cipollone*, 505 U.S. at 523, 112 S.Ct. at 2621; 15 U.S.C. § 1334(b). Plaintiff contends that the tortious activities of which she complains are not based on cigarette "advertising and promotion." She suggests instead that Defendants could have employed "non-promotional communications" to inform the pub-

lic of the dangers of cigarette smoking. (Pl. Resp. at 7.) These could have included public service messages, seminars on smoking cessation and harmful smoking habits, direct mail-outs of critical information for former users of the product, public advocacy, and lobbying. (Pl.Resp. at 7, 8–9.)

This Court must make a "straightforward" inquiry: "whether the legal duty that is the predicate of the common law damages action constitutes a 'requirement or prohibition based on smoking and health … with respect to … advertising or promotion.'" *Cipollone*, 505 U.S. at 523–24, 112 S.Ct. at 2621. This inquiry must be answered in the affirmative.

Under the Labeling Act, cigarette packages must contain the following statement: "Warning: The Surgeon General Has Determined That Cigarette Smoking is Dangerous to Your Health." 15 U.S.C. § 1333. Plaintiff suggests that at the same time Defendants were providing the Congressionally-mandated warnings, they were exposing themselves to state law tort liability by failing to use "non-promotional communications" to disseminate material essentially duplicative of the Surgeon General's warning.

Plaintiff's argument, if accepted by this Court, would render the Labeling Act meaningless. The existence of federal regulation of the health concerns surrounding cigarette smoking necessarily entails a relinquishment by the states of their ordinary regulatory power. This Court must be cautious in exploring the legislative balance struck by Congress.

In reaching its conclusion that the predicate of Plaintiff's claim constitutes a "requirement or prohibition" based on smoking's ill effects, this Court has considered the avenues left open by *Cipollone*. The Supreme Court noted that a "state law duty to disclose material facts through channels of communication other than advertising and promotions" would escape the preemptive reach of the Labeling Act. *Cipollone*, 505 U.S. at 506, 112 S.Ct. at 2612. It is instructive that the Supreme Court gave as an example not a common law duty, but rather a state law obligation to disclose material facts about the dangers of smoking to an adminis-

trative agency. *Cipollone*, 505 U.S. at 528, 112 S.Ct. at 2623–24.

The *Cipollone* Court also contemplated an exception for "claims that rely solely on [cigarette manufacturers'] testing or research practices or other actions unrelated to advertising or promotion." *Cipollone*, 505 U.S. at 524–25, 112 S.Ct. at 2622. The Court's statement has been subsequently interpreted by the lower courts. Defendants rely in part on one such recent case, which holds that the preemptive effects of the Labeling Act are broad enough to encompass "mass notification" to consumers. *Griesenbeck v. American Tobacco Co.*, 897 F.Supp. 815, 823 (D.N.J.1995).

The *Griesenbeck* Court considered Plaintiff's claim that Defendant cigarette manufacturer had a duty to warn of the threats of self-immolation in light of the Labeling Act and of *Cipollone*. It concluded that "[a] company's attempt to notify its mass market of anything, whether a danger warning or a marketing effort, is considered 'advertising or promotion' under the general usage of those terms, and a state cannot impose requirements on such activities without running afoul of the clear language of *Cipollone*." *Griesenbeck*, 897 F.Supp. at 823.

This Court agrees. Any attempt by Defendants to notify its customers of the dangers of smoking would employ the same techniques as a traditional advertising or promotional campaign, save with the goal of discouraging smoking. Lobbying, seminars, and public service announcements are all undertaken with the effect of promoting and fostering a product or an ideology.

Plaintiff attempts to distinguish *Griesenbeck* on grounds that it did not involve a health claim, but rather the risk of smoking in bed or while drowsy. That Court explicitly rejected the argument that the phrase "health risk," as used in the Labeling Act, applies only to internal risks such as cancer. The implication, of course, is that the *Griesenbeck* Court would have reached the same conclusion on the instant facts. *See Griesenbeck*, 897 F.Supp. at 823. Moreover, Plaintiff's argument that *Griesenbeck* was decided under the substantive law of New Jersey is belied by that Court's analysis of federal preemption law, the Labeling Act, and *Cipollone*.

Having reviewed the pleadings as well as the controlling case law, the Court concludes that Plaintiff's claim is preempted by the Labeling Act. Her post–1969 claims, as set forth in ¶¶ 2.3.1 through 2.3.5, 2.3.9, and 2.3.10 of Count I, should therefore be dismissed with prejudice.

### B. Civil Conspiracy

■■■ A claim for civil conspiracy must consist of the following allegations: 1) a conspiracy between two or more parties; 2) the doing of an unlawful act or a lawful act by unlawful means; 3) the doing of some overt act in pursuance of the conspiracy; and 4) damage to the plaintiff as a result of the acts done under the conspiracy. *Florida Fern Growers Ass'n v. Concerned Citizens of Putnam County*, 616 So.2d 562, 565 (Fla.Dist.Ct. App.1993). The essential elements of such a claim are "a malicious motive and coercion through numbers or economic influence." *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Florida, N.A.*, 667 So.2d 876, 879 (Fla.Dist.Ct.App.1996) (citations omitted).

The Court finds at the outset that Plaintiff has properly pled the first, third, and fourth elements of the *Fern Growers* test. She has alleged that Defendants and others participated in a civil conspiracy (Compl. ¶ 3.1), that Defendants acted in furtherance of that conspiracy (Compl. ¶ 3.10), and that she was injured as a result (Compl. ¶ 4.1).

■■■ Less evident is whether the Complaint properly alleges that Defendants conspired to commit an unlawful act or to commit a lawful act by unlawful means. Defendants emphasize that the bulk of Plaintiff's Complaint is grounded in negligence. They reason that because it is impossible to conspire to act negligently, Plaintiff's allegation of civil conspiracy fails. The Court agrees with Defendants only in part. Logic and case law dictate that a conspiracy to commit negligence is a non sequitur. *E.g., Triplex Comm. v. Riley*, 900 S.W.2d 716, 719 n. 2 (Tex.1995) ("Given the requirement of specific intent, parties

cannot engage in a civil conspiracy to be negligent."); *Holland v. Sanfax Corp.,* 106 Ga.App. 1, 126 S.E.2d 442, 446 (1962).

■ The Court cannot agree, however, with Defendants' contention that the Complaint fails to set forth an underlying tort on which a conspiracy claim can be based. Having carefully reviewed Count II of the Complaint, the Court concludes that it meets the low threshold over which the non-movant must cross. For example, Plaintiff alleges that elements of the conspiracy included "[t]he suppression and refusal to publish of, various and sundry research studies carried out by coconspirator [sic] which revealed that cigarette smoking was harmful and addicting." (Compl. ¶ 3.10.8). Other allegations concern the affirmative publishing of false statements. These include the claim that conspirator R.J. Reynolds Tobacco Company authored a publication entitled "Of Cigarettes and Science," which falsely claimed that cigarettes did not cause heart disease. (Compl. ¶ 3.10.15).

Drawing all inferences in favor of Plaintiff, as the Court must do in resolving a motion to dismiss, the Court can glean that Plaintiff may be asserting a claim for fraud. The Court cannot, however, infer the bulk of Plaintiff's claim. If Plaintiff intends to allege fraud or conspiracy to commit fraud, she must do so with particularity, as required by the Federal Rules of Civil Procedure. Fed. R.Civ.P. 9(b); *Cooper v. Blue Cross & Blue Shield of FL, Inc.,* 19 F.3d 562, 568 (11th Cir.1994).

Plaintiff states that the purported conspirators' concealment of their acts precludes her from pleading all the relevant acts. (Compl. ¶ 3.10.) Regardless, many of the statements in the Complaint are vague and would require speculation on the part of Defendants and the Court. For example, Plaintiff refers to "[a] publication sent to over 200,000 physicians in the United States claiming that cigarette smoking dangers were not real, when in fact the conspirators knew that such dangers were real." (Compl. ¶ 3.10.5.) Plaintiff has failed to allege the date(s) of such publication, the form of such publication, and its impact on her individual injuries.

Plaintiff is "entitled to one chance to amend the complaint and bring it into compliance" with Federal Rule of Civil Procedure 9(b). *Cooper,* 19 F.3d at 569. The second count of her Complaint is therefore dismissed without prejudice to amend within twenty days.

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss be, and the same is hereby, GRANTED. As to the claims set forth in Paragraphs 2.3.1, 2.3.2, 2.3.3, 2.3.4, 2.3.5, 2.3.9, and 2.3.10 of Count I, they are DISMISSED WITH PREJUDICE to the extent that they directly or by necessary implication challenge the adequacy of the information provided by Defendants after July 1, 1969. As to the claims set forth in Count II, they are DISMISSED WITHOUT PREJUDICE to amend by no later than 20 days from the date of this Order.

DONE and ORDERED.