**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUDY LAND; et al., | No. 16-35694 |
| Plaintiffs-Appellants, | D.C. No. 1:10-cv-00001-JLQ |
| v. | |
| CREDIT SUISSE GROUP SECURITIES (USA) LLC, FKA Credit Suisse First Boston Corp., a Delaware limited liability company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| L. J. GIBSON; et al., | No. 16-35705 |
| Plaintiffs-Appellants, | D.C. No. 1:10-cv-00001-JLQ |
| v. | |
| CREDIT SUISSE GROUP SECURITIES (USA) LLC, FKA Credit Suisse First Boston Corp., a Delaware limited liability company; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Justin L. Quackenbush, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 9, 2018
Seattle, Washington

Before: GOULD, PAEZ, and CHRISTEN, Circuit Judges.

Plaintiffs are purchasers of properties at four different planned developments in Nevada, Idaho, Montana, and the Bahamas. They appeal the district court's grant of summary judgment in favor of the defendants on their claims for negligence, fraud, tortious interference with contract, and negligent misrepresentation. For the reasons stated below, we affirm the district court's grant of summary judgment.

In broad terms, the plaintiffs' theory is that Cushman & Wakefield, Inc., an appraiser, used a non-standard appraisal method that overvalued the properties at the planned developments. The appraisal resulted in Credit Suisse, a lender, making unsound loans to the developers of the planned communities.[1] Those loans and the attendant loan payments, in turn, caused the developers to go bankrupt, and the bankruptcies resulted in the loss of various luxury amenities and other harms to the plaintiffs.

1. The district court properly granted summary judgment to the defendants on the plaintiff's negligence claim. The elements of negligence are similar in all

---

[1] On the plaintiffs' theory, the loans were unsound both because they were too big, and because in some instances they let the developers make large dividend payments out of the loan proceeds.

relevant jurisdictions. In each jurisdiction a negligence claim requires establishing that the defendant owes the plaintiff a duty to conform to a particular standard of conduct. *Jones v. Starnes*, 245 P.3d 1009, 1012 (Idaho 2011); *Peterson v. Eichhorn*, 189 P.3d 615, 620–21 (Mont. 2008); *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008); *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007). Here, the district court correctly held that Cushman, in its role as an appraiser, and Credit Suisse, in its role as a lender, owed no legal duty to third parties who purchased property from the developers. Plaintiffs have pointed to no authority that would hold a lender or appraiser liable to third parties who were indirectly affected by the inability of a borrower to make loan payments.

2.      The district court also properly granted summary judgment to the defendants on the tortious interference with contract claims. Here, the plaintiffs point to no contractual right that was lost because of the bankruptcy. With respect to the Nevada resort agreement, the contract promised no luxury amenities. On the Montana resort agreement, the contract explicitly noted that no recreational amenities would be provided. In the Bahamas resort agreement, the contract called for basic infrastructure, but the property report disclaimed any right to recreational facilities. At the Idaho resort, certain amenities were promised, and were built, but purchase and sale agreements incorporated a disclaimer of any obligation to maintain recreational facilities in perpetuity.

3.     The district court also properly granted summary judgment to the defendants on the plaintiffs' fraudulent misrepresentation and negligent misrepresentation claims. These claims fail because the plaintiffs have not shown that Credit Suisse or Cushman ever made a false or misleading representation upon which the plaintiffs relied. Such a showing is an essential element of a fraudulent or negligent misrepresentation claim in each jurisdiction.[2] *See Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010); *Country Cove Dev., Inc. v. May*, 150 P.3d 288, 293 (Idaho 2006); *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998); *Batten v. Watts Cycle & Marine, Inc.*, 783 P.2d 378, 380–81 (Mont. 1989). Here, the plaintiffs admit that they never saw the appraisals prepared by Cushman for Credit Suisse. Plaintiffs instead claim that they were misled when the Credit Suisse loans were publicized without also publicizing the appraisal method used to justify the loans or the lending scheme that allowed the developers to pay dividends from the loan proceeds. However, the plaintiffs have provided no evidence that Credit Suisse or Cushman communicated to them anything about the loans. All communications about the loans came from the bankrupt developers, and not Cushman or Credit Suisse. We therefore reject the fraudulent misrepresentation and negligent misrepresentation claims.

---

[2] Idaho does not recognize negligent misrepresentation, except as between an accountant and a client. *See Duffin v. Idaho Crop Improvement Ass'n*, 895 P.2d 1195, 1203 (Idaho 1995).

4.     The plaintiffs attempt to revitalize their claims by asserting that Cushman, Credit Suisse, and the developers were all engaged in a conspiracy. In this way, actions of the developer could be attributed to Cushman and Credit Suisse.[3] Plaintiffs' conspiracy claim fails because they have presented no evidence of an agreement between the developers, Credit Suisse, and Cushman to defraud them.

**AFFIRMED.**

---

[3] As a conceptual matter, conspiracy requires an agreement to perform some unlawful act. As such, one cannot conspire to commit a negligent act. "Logic and case law dictate that a conspiracy to commit negligence is a non sequitur." *Sonnenreich v. Philip Morris Inc.*, 929 F. Supp. 416, 419 (S.D. Fla. 1996). Conspiracy also will not revitalize the plaintiffs' tortious interference claim because the plaintiffs had no contractual rights that were violated.